UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 6:21-bk-03216

In re:

ROCHELLE HOLDINGS XIII, LLC,

    Debtor.

_____/

## CASE MANAGEMENT SUMMARY

COMES NOW the Debtor, ROCHELLE HOLDINGS XIII, LLC, by and through its undersigned Attorneys, and files this its Case Management Summary, and states as follows:

1. **Description of the Debtor's Business**. The Debtor ROCHELLE HOLDINGS XIII, LLC is a Florida limited liability company. It was established on November 22, 2006, as a holding company to invest in and to develop real property.

2. **Location of the Debtor's operations and whether leased or owned**. On or about March 28, 2007, ROCHELLE HOLDINGS XIII, LLC purchased a tract of land in Orange County, Florida, in the Apopka area. It is known commonly as 4105 Golden Gem Road, Apopka, FL 32712. The property is wholly owned by the Debtor and consists of about 204 acres of vacant land. The Debtor has performed some ancillary services for zoning purposes, that has caused the value to be enhanced greatly.

3. **Reasons for filing Chapter 11**. Over the last several years there has been tremendous interest in the areas, due to various developments, including the extension of the belt way, and the demands of the neighboring communities.

Notwithstanding, several of the promising developments were delayed, due to the Covid-19 pandemic, causing several interested parties to delay certain projects they were considering. This brought a number of potential projects to a screeching halt. Notwithstanding, the value of the real estate has continued to increase, due to its proximity to the beltway. This increased in valuation has caused the primary lender to want to try and take the property from the Debtor, rather than continue to work with the Debtor. In the past, the primary lender has rolled over its loan, but due to the enhanced value, the primary lender sees an opportunity to take the property and obtain a huge windfall over the amount of their loan. Settlement discussions were conducted up until the week before the filing date, at which time the lender cut off all settlement discussions, causing the bankruptcy to be filed.

4. **List of officers, directors and insiders (including relatives of insiders), if applicable, and their salaries and benefits at the time of filing and during one year prior to filing.** The officers, directors and insiders consist of Matt Hill and Jeff Welch, neither of these individuals were receiving any salary nor benefits at the time of filing. It is not anticipated that the Debtor will seek to pay any salary nor benefits to these persons during the Chapter 11 case.

5. **The Debtor's annual gross revenue.** The property is non-income producing at this time, and the annual gross revenue is currently $0.00.

6. **Amounts owed to various creditors, including current year to date and prior fiscal year.** There are two main creditors, namely consisting of the one set of creditors known as RICHARD J. RISSER, Trustee of the RICHARD J. RISSER FAMILY TRUST, dated September 13, 2007, and SHIRLEY R. RISSER, Trustee of the

SHIRLEY R. RISSER FAMILY TRUST, dated September 13, 2007, who are owed collectively about $27,000,000 and then the other creditor known as Nicholson Investements, LLC, who are owed about $2,000,000.

7. **General description and approximate value of the debtor's current fixed assets.** The fixed assets consist of vacant land, valued at between $50,000,000 and $100,000, or maybe as high as $150,000,000.

8. **Number of employees and gross amounts of wages owed as of petition date.** The Debtor does not have any payroll. There are no employees, and there are no wages owed as of the petition date.

9. **Status of debtor's payroll and sales tax obligation, if applicable.** The Debtor does not owe any payroll or sales tax, as of the petition date.

10. **Anticipate emergency relief to be requested within the first 14 days after the petition date.** The Debtor does not anticipate seeking any emergency relief during the first 14 days of the case. There are no employees nor officer salaries, so there will not be any motions to allow for the payment of any salary for officers, nor for the payment of any pre-petition wages. The only foreseeable motion would be the Motion to Retain Lawrence M. Kosto, Esq., and the law firm of Kosto & Rotella, P.A. There is no cash collateral issue, as there is no income currently coming in.

11. **The debtor's strategic objectives, i.e.: refinancing, cram down, surrender/sale of assets or business.** The Debtor's strategic objective is to work with its investor connections to restructure its debt, and to develop or sell its real estate holdings. The Debtor found an investor to assist the Debtor in financing the development of the property, and the investor assures the Debtor they are agreeable to furnishing the Debtor

with sufficient funds to finance a Chapter 11 Plan, make adequate protection payments, if required, and contribute any further monies necessary to make the Chapter 11 successful.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the Debtor's Case Management Summary has been furnished to all parties receiving notice via ECF this 20th day of July, 2021.

/s/ Lawrence M. Kosto
Lawrence M. Kosto, Esq.
FL BAR NO. 0765325
KOSTO & ROTELLA, P.A.
619 East Washington Street
Post Office Box 113
Orlando, Florida 32802
Tel. (407) 425-3456
Fax. (407) 423-9002
Email: lkosto@kostoandrotella.com
Secondary Email: lmksec@kostoandrotella.com
Attorneys for Debtor