ORDERED.

Dated:  March 10, 2022

_____
Lori V. Vaughan
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 6:21-bk-03216-LVV

In re:

ROCHELLE HOLDINGS XIII, LLC,

    Debtor.
_____/

**ORDER APPROVING THIRD AMENDED DISCLOSURE STATEMENT
AND CONFIRMING FOURTH AMENDED CHAPTER 11 PLAN**

THIS CASE came on for hearing on February 23, 2022, for consideration of Debtor Rochelle Holdings XIII, LLC's Third Amended Disclosure Statement (Doc. No. 114) (the "Disclosure Statement"), and Fourth Amended Plan of Reorganization (Doc No. 115) (the "Plan"), and the Amended Affidavit in Support of Confirmation (Doc. No. 140) ("Confirmation Affidavit") and Ballot Tabulation (Doc. No. 131) filed in support thereof.

The following objections were filed in opposition to the Disclosure Statement and Plan: (i) the Objection to Confirmation of the Debtor's Fourth Amended Plan of Reorganization

filed by HMG Venture Partner, LLC ("HMG") and PM S-1 REO, LLC ("PMS") and Project Orlando (Doc. No. 134); (ii) the Objection to the Debtor's Third Amended Disclosure Statement filed by HMG, PMS, and Project Orlando, LLC (Doc. No. 135); (iii) the Objection to Confirmation of Debtor's Fourth Amended Plan of Reorganization filed by J & R Hewitt Investments Limited Partnership ("Hewitt Investments") (Doc. No. 136); and (iv) the Objection to Third Amended Disclosure Statement filed by Hewitt Investments (Doc. No. 137) (the foregoing Objections collectively are referred to herein as the "Objections"). The Court noting that the aforementioned objections were withdrawn in accordance with the terms of that certain Settlement and Release Agreement filed with the Court, and these objecting parties argued and agreed to support the modified Fourth Amended Chapter 11 Plan, with the sole party objecting to confirmation and to the Motion for Order Canceling Auction and Approving Sale of Real Property to Kelly Park VB Development, LLC ("Sale Motion") (Doc. No. 149) being the Rissers, who previously voted in favor of the Fourth Amended Plan.

Pursuant to Local Rule 3020-1, the modifications to the Plan announced at the Confirmation Hearing (collectively, the "Modifications") are as follows:

**Article III – Treatment of Impaired Classes of Claims** – *The provisions of Article III, section 3.01 shall be modified solely to reflect the following changes:*

(i) The Allowed Amount of the Rissers' Allowed Secured Claim shall be in the amount of $28,447,849.63 (plus any additional post-petition interest and attorneys' fees that may accrue prior to the Closing), which shall be paid in full at the Closing of the Sale;

(ii) All references and provisions relating to the Auction and Bid Procedures shall be removed and this section shall be read so as to reflect the provision of modified Section 5.01 of the Plan with respect to the Sale of the Property to the Buyer pursuant to the Sale Order.

(iii) All provisions not modified herein shall remain as stated in the Plan. For the avoidance of all doubt, the Plan as modified shall be read to provide that if the Debtor or Buyer defaults under the provisions of the Purchase and Sale Agreement for the Property by failing to

close on the Sale by April 15, 2022 (a "Buyer Default"), the Debtor shall sign and deliver a deed to the Property to the Rissers, free and clear of all liens and encumbrances, within three (3) business days thereof, and that such transfer shall be in full satisfaction of the Rissers' Class 1 Claim; *provided*, that the Rissers shall retain the right to foreclose on the Freeport Property, as set forth in the Plan. The Debtor nor any creditor shall assert any defenses, claims or oppose any efforts of the Rissers in the foreclosure of the Freeport Property. In the event of a Buyer Default, Rissers' shall not recover any amount from the forfeited deposit monies, except the amount expended for documentary stamps, if any, incurred in recording the Deed to the Property.

(iv) If the Rissers' claim is paid in full at closing, including payment of all principal, interests, costs, and attorneys' fees, said payment shall constitute a one hundred percent (100%) payment of all amounts owed to the Rissers, and upon said payment, said payment shall extinguish, to the extent legally exist as of the closing date, the note issued by the Debtor and the Mortgage dated March 28, 2007, as recorded on April 2, 2007: at Official Records Book 9192, Page 3529.

*The provisions of Article III, section 3.02, shall be modified solely to reflect the following changes:*

(i) The Allowed Amount of Nicholson's Allowed Secured Claim shall be in the amount of $4,617,753.00 (plus all post-petition accrued interest and attorneys' fees), which shall be paid in full at the Closing of the Sale;

(ii) All references and provisions relating to the Auction and Bid Procedures shall be removed and this section shall be read so as to reflect the provision of modified Section 5.01 with respect to the Sale of the Property to the Buyer pursuant to the Sale Order.

(iii) All provisions not modified herein shall remain as stated in the Plan.

(iv) The payment of this claim, at closing shall constitute a one hundred percent (100%) payment of all amounts owed to Nicholson Investments, LLC, including any claims for principal, interest, costs, and attorney's fees, and upon said payment, at closing shall extinguish the note issued by the Debtor, to Nicholson Investments, LLC, including the Mortgage, dated January 11, 2017, as recorded on January 13, 2007: at Document # 20170028184. If the original note is in the State Court, where the foreclosure action is pending, Nicholson Investments, LLC shall not interpose any objection to the Debtor's request to the State Court, to have the court mark the note as canceled, and return the original note to the Debtor.

*Article III shall further be supplemented with the following new sections 3.03 and 3.04, and existing section 3.03 shall be renumbered to section 3.05:*

3.03   Class 3 consists of the Allowed Claim of Hewitt Investments. Hewitt shall have an Allowed Claim in the amount of Six Hundred Seventy-Five Thousand Dollars ($675,000.00), to be paid in full from the proceeds of the Sale at the

Closing, in full satisfaction of any and all claims Hewitt Investments may have against the Debtor. Upon closing of the Sale and receipt of the $675,000, Hewitt Investments shall be deemed not to have or hold any equity interest in the Debtor. Upon the Closing of the Sale, Debtor shall be deemed to fully and finally release any and all claims and causes of action it may have against Hewitt Investments. If the sale falls through for whatever reason, the Proof of Claim and Objection to Claim are preserved, and the Claimant's rights to argue that he has some sort of preferred equity position, for the much larger sum, shall be preserved, without prejudice to the Debtor to argue against that position.

3.04   Class 4 consists of the Allowed Claims of HMG and PMS. The Allowed Claims of HMG and PMS shall be paid in full from a distribution of Six Hundred Seventy-Five Thousand Dollars ($675,000.00) to be paid from the proceeds of the Sale at the Closing, which shall be paid to their attorney, Patrick Mosley, who will disburse such amount between HMG and PMS. In the event of a Buyer Default, neither HMG nor PMS shall recover any amount from any forfeited deposits, and their Claims will remain unpaid.

Article IV – Treatment of Allowed Unclassified Claims *The provisions of Article IV, section 4.02 shall be modified solely to reflect the following changes:*

4.02 Administrative Expenses: Payments of allowed administrative expenses will be paid in full, after applications for compensation are approved by the Court, upon Closing of the Sale. At the closing of the Sale, Ewald Auctions shall receive $465,000. If there is a default under the Purchase and Sale Agreement, Ewald Auctions shall receive $50,000 in fees and $25,000 in marketing expenses which shall be paid from the forfeited nonrefundable deposit.

**Article V – Means of Implementation of Plan** – The provisions of Article V, section 5.01, shall be amended and restated in their entirety, and all other provisions of the Plan shall be modified to the extent necessary to give effect and meaning to the modified terms of such section, as follows:

5.01   <u>Means of Implementing the Plan</u>.  As set forth in the Motion for Order Canceling Auction and Approving Sale of Real Property to Kelly Park VB Development, LLC (Doc. No. 149) ("Sale Motion"), and the Order granting the Sale Motion (Doc. No. 161) (the "Sale Order"), the Debtor has sought and obtained authority to cancel the Auction and to sell the Property directly to Kelly Park VB Development, LLC (or its assigns) (the "Buyer") pursuant to 11 U.S.C. §§ 363(b), (f), and (m) (the "Sale"). All allowed Claims provided for under the Plan shall be paid in full at the closing of the Sale, which shall occur no later than

April 15, 2022 (such closing date, the "Closing").  In the event of a Default by the Buyer or Debtor, the Property shall be transferred to the Rissers by deed within three (3) business days after such the default.  All forfeited deposits shall be distributed in accordance with the priorities set forth in 11 U.S.C. § 507, which shall result in Nicholson being paid all funds remaining after payment of (i) all allowed administrative expense and priority claims, and (ii) if applicable, the amount Rissers expend for documentary stamps incurred in recording the deed to the Property.

*Article V shall further be supplemented with the following terms*

    a. To the extent there is any ambiguity, Kelly Park VB Development, LLC has deposited $1,000,000.00 with Debtor's counsel, as part of the stalking horse bid made in accordance with the Bid Procedures Order. Within three days of the date of the Sale Order, Kelly Park VB Development, LLC shall deposit an additional $3,143,439 (the Additional Deposit") to counsel for the Debtor to bring the total deposit amount to $4,143,439 or 10% of the purchase price ("Deposit").  The Auction shall only be canceled upon Kelly Park VB Development, LLC timely providing this Deposit. The Initial Deposit and the Additional Deposit shall be non-refundable, and forfeited should the Buyer fail to close. To the extent this is inconsistent with the reading of the Purchase and Sale Agreement, this provision shall prevail over the terms of the Purchase and Sale Agreement.

    b. Upon receipt of the Additional Deposit, counsel for the Debtor shall file with the Court a Notice of Cancellation of Auction, and provide same to the Auctioneer/Broker so Ewald Auctions LLC can post on the sale portal that the Auction has been canceled.

At the Hearing, the Court considered the foregoing Modifications and determined that no further solicitation was required because the Modifications were either non-material or did not adversely affect the treatment of the claim of any creditor or holder of an equity interest, and except for the Rissers, no creditor objected to consideration of the Modifications. As provided in Rule 3019 of the Federal Rules of Bankruptcy Procedure, the Court finds that the modifications do not adversely change the treatment of the claim of any creditor or the interest of any equity security holder who has not accepted in writing the modification, and the Court deems

the modifications therefore accepted by all creditors and equity security holders who have previously accepted the plan. Specifically, the Court finds that the Rissers shall either get paid at closing on April 15, 2022, if the sale goes through as planned, or if not, the Rissers shall receive a Deed to the real property within three (3) days thereafter, which is the precise treatment, prior to the modification, and accordingly, the Rissers have not been adversely affected by the modifications.

Upon consideration of the Plan, the Modifications, the Disclosure Statement, the Ballot Tabulation, and the Confirmation Affidavit, noting the withdrawal of the Objections by HMG, PMS, Project Orlando and J & R Hewitt, respectively, in reliance upon the Modifications and a certain Settlement and Release Agreement reached between the Debtor and such objecting parties (among others), the Court made findings of fact and conclusions of law as stated orally and recorded in open Court, and determined that the requirements of 11 U.S.C. § 1125 and 11 U.S.C. § 1129 have been satisfied. The Court supplements such findings of fact and conclusions of law as follows:

1. The Disclosure Statement provides adequate information as contemplated in Bankruptcy Code § 1125, with respect to the Plan, as amended.

2. The requirements of § 1129(a) have been met with respect to the Plan.

3. The Debtor, as proponent of the Plan, has provided good and sufficient notice of: (a) the filing of the Plan and Disclosure Statement; (b) the deadline to file and serve objections to confirmation of the Plan and Disclosure Statement; (c) the deadline and procedures for voting on the Plan; and (d) the hearing date on the combined Disclosure Statement and confirmation of the Plan.

4. The Court finds that, in accordance with § 1125(e) of the Bankruptcy Code, the

Debtor and its designees, agents, representatives, attorneys, accountants, and advisors acted in good faith in soliciting acceptances or rejections of the Plan and in compliance with all applicable provisions of the Bankruptcy Code.

5. The solicitation of acceptances or rejections of the Plan by the Debtor was conducted in good faith and in compliance with the Bankruptcy Code, Bankruptcy Rules, and any other procedures established by the Court.

6. The Debtor has afforded all parties in interest with an adequate opportunity to be heard regarding the Plan and Disclosure Statement, and the Plan and Disclosure Statement comply with Bankruptcy Code § 1127 and 3019 of the Bankruptcy Rules.

7. All parties received adequate notice in accordance with the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules.

8. The Court has jurisdiction over this case and to conduct the Confirmation Hearing and to confirm the Plan pursuant to 28 U.S.C. § 1334.

9. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L), and this Court has jurisdiction to enter a final order with respect thereto.

10. The Debtor is an eligible Debtor under § 109 of the Bankruptcy Code.

11. The Ballot Tabulation filed by the Debtor on January 20, 2022, validly and correctly sets forth the tabulation of votes on the Plan, as required by the Bankruptcy Code, Bankruptcy Rules, the Local Rules and the Balloting Order.

12. The Debtor has solicited and tabulated votes in respect of the Plan in good faith and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

13. The Plan has been accepted in writing by the majority of all the Impaired Classes

of Claims and Interests entitled to vote thereon, including the Rissers who have been deemed to vote in favor of the Plan (as provided in Rule 3019 of the Bankruptcy Rules), in accordance with § 1126 of the Bankruptcy Code, or the Plan is fair and equitable pursuant to 11 U.S.C. § 1129(b)(2)(A) because it provides that the Holders of any Impaired Secured Classes of Claims that have not voted in favor of the Plan will retain their liens and receive on account of their claims deferred cash payments totaling at least the allowed amount of their claims, or they will receive the indubitable equivalent of their Allowed Secured Claims.

Based upon the foregoing, it is hereby,

**ORDERED AND ADJUDGED** as follows:

1. The objection to modification of the Fourth Amended Chapter 11 Plan, raised by the Rissers is overruled, as the Court expressly finds that the modifications do not adversely change the treatment of the claim of any creditor or the interest of any equity security holder who has not accepted in writing the modification, and the Court deems the modifications therefore accepted by all creditors and equity security holders who have previously accepted the plan, as provided in Rule 3019 of the Bankruptcy Rules.

2. The Third Amended Disclosure Statement is APPROVED.

3. The Fourth Amended Chapter 11 Plan, as modified by the Modifications, is CONFIRMED.

4. Without the Rissers' prior written consent, Debtor and parties-in-interest shall **not** seek or request a modification of the plan or confirmation order that will in any way impact the Rissers' right to receive payment in full on or before April 15, 2022, or otherwise extends the Closing beyond April 15, 2022. The violation of this provision shall be deemed an event of default under the terms of the Plan thereby entitling the Rissers to file an appropriate motion with

the Court requesting immediate title to the property.

5. The Settlement and Release Agreement attached to the Sale Motion as Exhibit A is hereby approved and parties' agreements set forth therein are made a part of the Plan. The Court reserves jurisdiction to enforce the terms of the Settlement and Release Agreement, including the mutual release provisions set forth in the agreement.

6. Until the court enters the final decree in this case, the court retains jurisdiction for any and all matters that may come before the Court in the administration of the Plan and pursuant to this Order of Confirmation, specifically including but not limited to, the jurisdiction to determine all objections that have heretofore been or may be filed to claims of creditors herein, to fix and award compensation to parties who may be so entitled; to hear and determine all questions concerning the assets or property of the Debtor, including any questions relating to any sums of money, services, or property due to the Debtor; and determine all matters of any nature or type necessary or appropriate to carry out the Plan.

7. In the event the Debtor fails to follow the provisions of Local Rule 3022-1, then the Debtor shall file a report within ninety (90) days following the date of the Order of Confirmation, setting forth the progress made in consummating the Plan. The report shall include:

    a. a Statement of distribution by class, name of creditor, date of distribution, and amount paid;

    b. a statement of transfers of property; and

    c. a statement of affirmation that the debtor has substantially complied with the provisions of the confirmed Plan.

8. Pursuant to the Plan and in accordance with § 1146(a) of the Bankruptcy Code, the issuance, transfer, or exchange of securities pursuant to the Plan, or the transfer of, or creation of any lien on, any property of the Debtor pursuant to the Plan or pursuant to an Order of the Court, including but not limited to the transfer of the Property to the Buyer or the Rissers pursuant to the terms of the Plan and Sale Order, shall not be taxed under any law imposing a stamp tax, transfer tax, recordation tax, or similar tax. All filing or recording officers (or any other Person with authority over any of the foregoing), wherever located and by whomever appointed, shall comply with the requirements of § 1146(a) of the Bankruptcy Code, shall forgo the collection of any such tax or governmental assessment, and shall accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment.

9. The reorganized Debtor shall timely pay post confirmation quarterly fees assessed pursuant to 28 U.S.C. § 1930(a)(6) until such time as this Bankruptcy Court enters a final decree closing this Chapter 11, or enters an order either converting this case to a case under Chapter 7 or dismissing this case. After confirmation, pursuant to 11 U.S.C. § 1106(a)(7) and Bankruptcy Rule 2015(a)(5), the reorganized Debtor shall file with the Bankruptcy Court and shall serve on the United States Trustee a financial report or statement of disbursements for each quarter (or portion thereof) that this Chapter 11 remains open, in a format prescribed by the United States Trustee.

10. The reorganized Debtor shall file a Certificate of Substantial Consummation and a Motion for Final Decree with thirty (30) days after the later of:

    a. the Effective Date of the Plan; or

        b.      disposition of all objections to claims, adversary proceedings and other contested matters.

        11.      After the Effective Date, the Reorganized Debtor shall continue to exist as a separate legal entity, with all applicable powers of a corporation under the laws of its state of incorporation and pursuant to its existing organizational documents, or the Amended Articles of Incorporation and Amended Bylaws, as applicable. Except as otherwise provided in the Revised Plan or this Confirmation Order, on and after the Effective Date, all property and assets of the Estate of the Debtor, shall vest in the Reorganized Debtor free and clear of all Claims, liens, encumbrances, charges and other interests, without supervision or approval of the Court and free of any restrictions of the Bankruptcy Code or Bankruptcy Rules other than those restrictions expressly imposed by the Revised Plan and this Confirmation Order. On and after the Effective Date, the Reorganized Debtor may operate its businesses and may use, acquire and dispose of property free of any restrictions of the Bankruptcy Code and Bankruptcy Rules, except as provided for provide for therein.

        12.      All Persons seeking allowance by the Bankruptcy Court of a Fee Claim (i) shall file their respective final applications for allowance of compensation for services rendered and reimbursement of expenses incurred by a date that is no later than the week of March 7-11, 2022, and (ii) shall be paid by the Plan in such amounts as are approved by the Bankruptcy Court (a) upon the later of (i) the closing on the sale of the Property, and (ii) ten (10) calendar days after the date upon which the order relating to the allowance of any such Fee Claim is entered or (b) upon such other terms as may be mutually agreed upon between the holder of such Fee Claim and the Debtor.

        13.      To the fullest extent provided under section 1141(d)(1)(A) and other applicable

provisions of the Bankruptcy Code, except as otherwise expressly provided for in Plan, Settlement and Release Agreement, or this Confirmation Order, the rights afforded in the Plan and distributions to be made thereunder shall be in exchange for, and in complete satisfaction, settlement, discharge, and release of, all Claims of any kind or nature whatsoever against the Debtor or any of its assets or properties, and regardless of whether any property shall have been distributed or retained pursuant to the Plan on account of such Claims. The Plan discharge provision is approved in all respects, is incorporated herein in its entirety, is so ordered and shall be effective upon substantial consummation of the Plan without further order or action on the part of the Court or any other party. Except as otherwise expressly provided by the Plan, or this Confirmation Order, upon substantial consummation of the Plan, all holders of Claims shall be, and shall be deemed to be, forever precluded and enjoined from prosecuting any such discharged Claim against the Debtor, or the Reorganized Debtor.

14. The release and discharge of all mortgages, deeds of trust, liens or other security interests against the Property is approved, but shall only be effective upon payment of all Claims at Closing as required by Article III of the Plan, as modified herein. Upon entry of this Order, all entities holding Claims against or interests in the Debtor that are treated under the Plan, and other parties in interest, along with their respective present or former employees, agents, officers, directors or principals, shall be enjoined from taking actions to interfere with the implementation and consummation of the Plan.

15. "Substantial Consummation" of the Plan," as defined in 11 U.S.C. § 1101(2), shall be deemed to occur upon the Closing and payment of all Claim in accordance with Article III of the Plan, as modified, at which time the Debtor issues a deed to Kelly Park VB Development, LLC, and issues payments to the Rissers, Nicholson Investments, LLC, and other

parties as described herein.

16.     Pursuant to Bankruptcy Rule 3020(e), the fourteen (14) day stay of this Confirmation Order is waived and the Debtor is hereby authorized to consummate the Revised Plan and the transactions contemplated thereby immediately upon the entry of this Confirmation Order upon the docket and upon the satisfaction or waiver of the conditions set forth in the Plan.

17.     A status conference in this case is scheduled for May 10, 2022 at 1:30p.m.at the United States Bankruptcy Court, 400 W. Washington Street, 6th Floor, Courtroom 6C, Orlando, Florida 32801.

###

*Attorney Larry Kosto is directed to serve a copy of this Order on interested parties who are non-CM/ECF users and file a proof of service with 3 days of entry of this Order.*